UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLIFTON W. THOMPSON-BEY,<br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br>　　　　　　Defendants. | Civil Action 05-558 (HHK) |

MEMORANDUM OPINION

In this action brought *pro se*, plaintiff, a District of Columbia Jail inmate, claims that he is not receiving treatment for Hepatitis C.  Plaintiff originally sued the United States of America and the following District of Columbia officials:  the District of Columbia Jail Warden, former Department of Corrections Director Odie Washington, Mayor Anthony A. Williams and D.C. Jail "medical officials."  Original Complaint at 1-2.  Plaintiff invoked *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680.  In an amended complaint filed on April 6, 2005, plaintiff did not include any federal defendants in the caption but claimed that he was being denied medical treatment "by the named defendants in the originator[sic] complaint."  Amended Complaint [Dkt. No. 4] ¶ 1.

Presently, before the Court are the separate motions to dismiss brought on behalf of the District of Columbia defendants and the United States.  In addition, plaintiff has twice moved for summary judgment.  For the following reasons, defendants' motions will be granted and plaintiff's motions will be denied.

Plaintiff alleges that "medical officials at 'Beckley, Beaver, W. Va.' [] diagnosed [him] with the Hepatitis C Virus on Oct 19, 2004." Amended Complaint ¶ 1. He claims that he has received no "proscribed[sic]" treatment, presumably while confined at the D.C. Jail, and that he "still suffer[s] from the virus." *Id*. Plaintiff also alleges that "[t]here is no health care provider at the D.C. Jail [facility] to assist or refer to a health care provider," *id* ¶ 7, and that the "D.C. defendant "prescribed medication for a whole year," *id* ¶ 9, that apparently exacerbated his condition.

### 1. *Plaintiff's Motion for Summary Judgment*

Plaintiff moves for summary judgment on the mistaken premise that a motion to dismiss is not an appropriate response to his complaint. "[A]t the option of the pleader," the defenses raised in defendants' respective motions may "be made by motion." Fed. R. Civ. P. 12(b). In any event, plaintiff's summary judgment motions are improper because they are not "accompanied by a statement of material facts as to which [plaintiff] contends there is no genuine issue." LCvR 7(h). Plaintiff's motions therefore will be denied.

### 2. *The Federal Defendant's Motion to Dismiss*

The United States moves pursuant to Fed. R. Civ. P. 12(b)(2) and (6) to dismiss the complaint. It rightly asserts that the allegations set forth in the amended complaint fail to implicate any federal official or agency in the alleged wrongdoing. In his opposition, plaintiff alleges that the United States Marshals Service "assaulted an open womb" while transferring him in June 2004. He seeks "relief from the assault/battery." Plaintiff's [] Traverse to the Defendants' Motion to Dismiss [Dkt. # 19] ¶ 4. To the extent that plaintiff may have a claim arising from this incident, allowing him to amend the complaint would be futile because the Court would lack subject matter jurisdiction. Plaintiff's exclusive remedy under federal law

2

is for money damages under the FTCA. In order to maintain such a claim, however, plaintiff must first exhaust his administrative remedies by "present[ing] the claim to the appropriate Federal agency. . . ." 28 U.S.C. § 2675. The exhaustion of administrative remedies is a jurisdictional prerequisite. *See GAF Corp. v. United States*, 818 F.2d 901, 917-21 (D.C. Cir. 1987); *Jackson v. United States*, 730 F.2d 808, 809 (D.C. Cir. 1984); *Office of Foreign Assets Control v. Voices in Wilderness*, 329 F. Supp.2d 71, 83 (D.D.C. 2004) (citing cases). There is no indication in the record that plaintiff has exhausted his administrative remedies under the FTCA with respect to the assault claim. The complaint against the United States therefore will be dismissed.

### 3. The District of Columbia Defendants' Motion to Dismiss

The District of Columbia defendants seek dismissal pursuant to Fed. R. Civ. P. 12(b)(6) on the ground that they are sued only in their official capacities and therefore are not proper defendants. Plaintiff has not credibly refuted this claim. *See generally* Plaintiff's Motion for Summary Judgment for Failure to Respond to the Allegations Made in the Complaint Which Relief Can Be Granted [Dkt. No. 18]. To the extent that plaintiff purports to sue these individuals in their personal capacities, he has failed to state a claim upon which relief may be granted.

The local counterpart to a *Bivens* action (cognizable against federal officials) is an action under 42 U.S.C. § 1983 against D.C. officials. Section 1983 creates a cause of action against individuals who allegedly have violated "rights, privileges, or immunities secured by the Constitution and laws" while acting under color of law. 42 U.S.C. § 1983. Because the claim is against a defendant in his personal capacity, plaintiff must show that the defendant was personally and directly involved in the wrongful acts. *Cameron v. Thornburgh*, 983 F.2d

253, 258 (D.C. Cir. 1993). Plaintiff's allegations do not support any personal involvement in his medical care by Williams, Washington, or the unnamed warden. The complaint therefore fails to state a claim under federal law upon which relief may granted against the named defendants.[1] *See id*. at 257-58 (dismissing claims against high-level policymakers "[i]n the absence of any allegations specifying [their] involvement"). The individual defendants' motion to dismiss therefore will be granted.

A lawsuit for damages against "municipal officials in their official capacities is [] equivalent to a suit against the municipality itself." *Atchinson v. District of Columbia*, 73 F.3d 418, 424 (D.C. Cir. 1996) (internal citations omitted). Plaintiff has neither named the District of Columbia as a defendant nor pleaded a claim of municipal liability. The Court therefore finds no basis for substitution.

For the foregoing reasons, the defendants' separate motions to dismiss are granted and plaintiff's motions for summary judgment are denied. A separate Order dismissing the case accompanies this Memorandum Opinion.

_____s/s_____
Henry H. Kennedy, Jr.
United States District Judge

Date: June 22, 2006

---

[1] Although plaintiff invokes the Constitution, he alleges medical malpractice and assault and battery. These claims are not cognizable under § 1983. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). In light of the dismissal of the federal claim, the Court declines to exercise supplemental jurisdiction over any local law claims. Plaintiff presumably may redress those claims under District of Columbia law in the Superior Court of the District of Columbia.